**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

SIMPSON-LITTMAN CONSTRUCTION, INC.,

        Plaintiff,

v.                              CIVIL  ACTION  NO.  3:09-0240

ERIE INSURANCE PROPERTY & CASUALTY
INSURANCE COMPANY, a corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's Motion to Stay the Declaratory Judgment Action (ECF 32), Plaintiff's Motion for Summary Judgment on the Issue of Defendant's Duty to Defend (ECF 38), and the Parties' Joint Motion to Stay Declaratory Judgment Action (ECF 43). For the following reasons, Defendant's motion to stay and Plaintiff's motion for summary judgment are **DENIED as moot**. The Parties' joint motion is **GRANTED**.

Plaintiff filed this action seeking declaratory judgment that Defendant Erie Insurance had a duty to defend and indemnify Plaintiff Simpson-Littman in an underlying state action. Both parties filed motions for summary judgment, ECF 17 & 19, which this Court denied on September 13, 2010, *Mem. Op. & Order*, ECF 25. In reaching this decision, this Court determined that there was still a material question of fact—"whether the property damage complained of in the Underlying Action occurred during Simpson-Littman's policy period." *Id.* at 33. Since the Court denied the parties' summary judgment motions, Erie has voluntary elected to undertake the defense of Simpson-Littman in the Underlying Action. *Ex. 1* to *Def.'s Mot. to Stay*, ECF 32-1. Erie therefore

asserts that the only remaining issue before the Court is whether Erie has a duty to indemnify Simpson-Littman.  Initially, Simpson-Littman disagreed with this characterization of the status of the action, and instead moved this Court for summary judgment on the issue of the duty to defend, and requested an award of costs and reasonable attorney fees incurred in pursuing the declaratory judgment claim, and an award for consequential damages.  Simpson-Littman also contested the motion to stay.

Since taking these initial positions, the parties have negotiated and reached an agreement. They have settled Plaintiff's claims for costs and fees related to the duty to defend.  *Joint Mot. to Stay*, ECF 43, at 2.  Accordingly, the only issue that remains unresolved in this action is whether Defendant has a duty to indemnify Plaintiff with respect to the Underlying Action, *Merlin Bush v. Simpson-Littman Construction, Inc.*, Civ. No. 08-C-942, currently pending in the Circuit Court of Cabell County, West Virginia.  Further, as a result of these negotiations, Plaintiff now joins Defendant in requesting that the Court stay the instant action pending resolution of the underlying case.

"In general, an insurer's duty to indemnify cannot be determined until after the underlying suit has been resolved."  *Camden-Clark Mem'l Hosp. Corp. v. St. Paul Fire & Marine Ins. Co.*, 717 F. Supp. 2d 529, 540 (S.D. W. Va. 2010) (citing *Penn-Am. Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 458–59 (E.D. Va. 2006)).  Accordingly, a declaratory judgment action on an indemnification issue is not ripe for adjudication "where 'there has been neither a determination of liability nor a settlement in any of the [state or federal court] actions pending against [the parties.]."  *Id.* (quoting *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 932 (4th Cir. 1977)). Here, the Underlying Action has yet to reach its conclusion; any ruling on the duty to indemnify

could therefore have an "advisory quality." *Id.* (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)).  Accordingly, the joint motion to stay is **GRANTED** pending resolution of the Underlying Action.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        June 16, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE